IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Davoud Allen Eghbali, | ) | C/A No.: 1:12-3460-JMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Department of Energy at the Savannah | ) | |
| River National Lab, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

In this employment discrimination case, Davoud Allen Eghbali ("Plaintiff"), proceeding pro se, sues the Department of Energy at the Savannah River National Lab ("Defendant" or "DOE") for national origin discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII"). This matter comes before the court on Defendant's motion to dismiss filed on July 2, 2013, pursuant to Fed. R. Civ. P. 12(b)(1). [Entry #24]. On July 11, 2013, the court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying Plaintiff of the dismissal procedure and possible consequences if he failed to adequately respond to the motion to dismiss. [Entry #25]. The motion to dismiss having been fully briefed [Entries #27, #28, #29, #30], it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). Because the motion to dismiss is dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned

recommends the district court grant Defendant's motion and dismiss Plaintiff's complaint in its entirety.

I.    Factual and Procedural Background

Plaintiff alleges that he immigrated to the United States from Iran in 1979 and is a naturalized United States citizen.  [Entry #1 at 4].  He states that he began working for the Savannah River Site ("SRS") in May 1989 as a nuclear criticality safety specialist. *Id.*  He contends that he began working for Washington Safety Management Solution LLC ("WSMS"), a contractor providing support to SRS, in 1997 and continued to perform the job of nuclear criticality safety specialist until 2010.  *Id.*

Plaintiff alleges that he was indicted in September 2009 for sending money to his family in Iran, but that the charge was later dismissed without prejudice.  *Id.*  He contends that at the time of the indictment, Defendant instructed WSMS to deny him access to his workplace pending the outcome of the indictment.  *Id.*

Plaintiff asserts that in January 2010, while he was on suspension from WSMS, he was offered a position by another SRS contractor, Savannah River Nuclear Solutions, LLC ("SRNS"), but that Defendant refused to allow SRNS to invite him to the site for a job interview.  *Id.* at 5.  He alleges that in February 2010, WSMS terminated his employment even though the indictment had been dismissed and his job did not require a security clearance.  *Id.*

Plaintiff asserts that Defendant's refusal to allow him to enter SRS resulted in his loss of employment with WSMS and resulted in the loss of his employment opportunity with SRNS.  *Id.*  He contends that Defendant's actions were in violation of Title VII and

resulted in lost income, the loss of his home, pain and suffering, mental anguish, emotional damages, and damage to his reputation. *Id.* at 5–6.

II.    Discussion

    A.    Standard of Review

 Dismissal is appropriate under Fed. R. Civ. P. 12(b)(1) where the court lacks subject-matter jurisdiction and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(1) examines whether a complaint fails to state facts upon which jurisdiction can be founded.  It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

    Pro se complaints are held to a less stringent standard than those drafted by attorneys.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true.  *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975).  The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.  Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim

currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

Defendant argues that Plaintiff's complaint is subject to dismissal because his claims are based solely on the revocation of his security clearance.  [Entry #24-2 at 3]. Defendant further argues that the United States Supreme Court has ruled that decisions by the executive branch regarding security clearance are not reviewable by the courts in the course of reviewing an adverse employment action.  *Id.* (citing *Dept. of the Navy v. Egan*, 484 U.S. 518 (1988)).  Plaintiff responds that he did not need a security clearance to perform his work for WSMS and that Defendant's actions constitute discrimination under Title VII although Defendant is trying to portray them as security precautions. [Entry #27 at 2].  Plaintiff further states that a security clearance has never been a condition of employment for work outside the controlled areas at SRS.  [Entry #28 at 2].

The law surrounding the court's authority to review security clearance determinations is well settled.  In *Egan*, the Supreme Court declared that the approval, denial, or revocation of an individual's security clearance is within the executive branch's purview and "unless Congress specifically has provided otherwise, courts traditionally have been reluctant to intrude upon the authority of the Executive [Branch] in military and national security affairs."  *Egan*, 484 U.S. at 530.  The Fourth Circuit Court of Appeals has found that "in the absence of a specific mandate from Congress providing otherwise, *Egan* deprives the federal courts of subject-matter jurisdiction to review an agency's security clearance decision."  *Reinbold v. Evers*, 187 F.3d 348, 357–58 (4th Cir.

4

1999). The Fourth Circuit has specifically held that *Egan* bars judicial review of security clearance decisions in Title VII cases. *Becerra v. Dalton*, 94 F.3d 145, 149 (4th Cir. 1996).

Plaintiff attempts to deflect Defendant's subject-matter jurisdiction argument by asserting that he did not need a security clearance for his work with WSMS and suggests that he worked from 1999 to 2010 without a security clearance. [Entry #27 at 2]. In his surreply, however, he asserts that "suspension of his clearance was based on his national origin." [Entry #30 at 1]. This appears to be the most succinct statement of Plaintiff's position in the briefing and supports Defendant's position that Plaintiff's Title VII discrimination claim is grounded in the suspension of his security clearance. Furthermore, while Plaintiff does not explicitly state in his complaint that Defendant revoked his security clearance, he does state that Defendant would not permit him on the SRS premises following his indictment. [Entry #1 at 4–5]. Finally, Plaintiff sued only the DOE, not his employer, WSMS, or his prospective employer, SRNS. He does not assert that the DOE played any role in employment actions affecting him other than prohibiting his entry onto the SRS premises. For these reasons, the undersigned recommends granting Defendant's motion on the grounds that Defendant's security decision is not reviewable and the court does not have subject-matter jurisdiction over Plaintiff's resulting claims.

III.     Conclusion

For the foregoing reasons, the undersigned recommends the district court grant Defendant's motion to dismiss Plaintiff's complaint [Entry #24].

IT IS SO RECOMMENDED.

September 5, 2013                          Shiva V. Hodges
Columbia, South Carolina                  United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).