IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Davoud Allen Eghbali, | ) | |
| | ) | Civil Action No. 1:12-cv-03460-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Department of Energy at the Savannah | ) | |
| River National Lab, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Davoud Allen Eghbali ("Plaintiff") filed this action pro se alleging that Defendant Department of Energy at the Savannah River National Lab ("Defendant") subjected him to discrimination because of his place of national origin – Iran – in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e17. (ECF No. 1.) Specifically, Plaintiff claims that he was denied access to the Savannah River Site ("SRS"), which he states resulted in the loss of his employment and employment opportunity. (Id.) This matter is before the court on Defendant's Motion to Dismiss the Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) ("Rule 12(b)(1) motion"). (ECF No. 46.)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) D.S.C., the matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling. On May 9, 2014, the Magistrate Judge issued a Report and Recommendation in which she recommended that the court grant Defendant's Motion to Dismiss. (ECF No. 50.) For the reasons set forth herein, the court **GRANTS** Defendant's Motion to Dismiss.

**I. Relevant Factual and Procedural Background**

Plaintiff is originally from Iran, but is now a naturalized citizen of the United States. (ECF No. 1 at 4.) Plaintiff worked for Savannah River Site ("SRS") as a nuclear criticality safety

1

specialist from 1989 until 2010. (Id.) From 1997 until September 2009, Plaintiff worked for

Washington Safety Management Solution, LLC ("WSMS"), a contractor for SRS. (Id.)  Plaintiff

states that his job with WSMS did not require a security clearance. (Id. at 5.) When Plaintiff was

indicted in September 2009[1], Defendant's personnel at SRS instructed WSMS to deny Plaintiff

access to SRS pending the outcome of Plaintiff's indictment. (Id. at 4.)

Although Plaintiff's indictment was dismissed, Defendant continued to deny Plaintiff

access to SRS. (Id. at 5.) As a consequence, WSMS terminated Plaintiff's employment in

February 2010. (Id.) In January 2010, during Plaintiff's suspension from WSMS, he was offered

an interview for a position with Savannah River Nuclear Solutions, LLC ("SRNS"), an SRS

contractor. (Id.) Plaintiff was unable to interview for this position because Defendant would not

allow him access to SRS. (Id.) Plaintiff claims that the basis for Defendant's denial of access to

SRS was its "mere speculation, prejudice, and the unfavorable political climate between the

United States and Iran." (Id.) As such, Plaintiff states that he has suffered the loss of his

employment with WSMS and the loss of an employment opportunity with SRNS due to

Defendant's national origin discrimination against him. (Id.)

On December 6, 2012, Plaintiff filed this action alleging national origin discrimination.

(ECF No. 1.) On July 2, 2013, Defendant filed its first Rule 12(b)(1) motion. (ECF No. 24.) On

July 11, 2013, Plaintiff filed a response in opposition to Defendant's Rule 12(b)(1) motion, to

which Defendant filed a reply in support of its motion on July 23, 2013. (ECF Nos. 27, 29.) On

July 31, 2013, Plaintiff filed a sur-reply to Defendant's reply. (ECF No. 30.) The Magistrate

Judge issued her first Report and Recommendation on September 5, 2013, recommending that

---

[1] Plaintiff states that he was indicted for sending money to his family in Iran. (ECF No. 1 at 4.)
The indictment specifically alleges that Plaintiff made a false statement to a special agent of the
Federal Bureau of Investigation about the number of times Plaintiff sent money overseas (other
than to his parents). (ECF No. 24-2.)

the court grant Defendant's Motion to Dismiss. (ECF No. 31 at 2.) On September 16, 2013, Plaintiff filed objections to the first Report and Recommendation. (ECF No. 34.)

Thereafter, the court entered a Text Order on February 14, 2014, denying Defendant's first Rule 12(b)(1) motion with leave to refile and requiring the parties to brief (1) how Defendant's decision to deny Plaintiff access to SRS was connected to a security clearance decision and (2) whether Plaintiff was included within the class of persons permitted to sue Defendant under Title VII. (ECF No. 37.) Defendant filed an amended Rule 12(b)(1) motion on March 20, 2014.  (ECF No. 46.) Plaintiff filed a memorandum in opposition to Defendant's Rule 12(b)(1) motion on April 3, 2014. (ECF No. 49.) The Magistrate Judge issued her second Report and Recommendation on May 9, 2014, recommending that the court grant Defendant's Rule 12(b)(1) motion. (ECF No. 50.) Plaintiff filed objections to the second Report and Recommendation on May 22, 2014. (ECF No. 52.)

On September 29, 2014, the court heard argument from the parties on the pending Rule 12(b)(1) motion. (ECF No. 59.)

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270–71 (1976). The court reviews de novo only those portions of the Magistrate Judge's Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

A motion to dismiss for lack of subject matter jurisdiction raises the fundamental

question of whether a court has jurisdiction to adjudicate the matter before it. Id. In determining whether jurisdiction exists, the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)).

Plaintiff brought this action pro se, which requires the court to liberally construe his pleadings. Pro se pleadings are held to a less stringent standard than those drafted by attorneys. Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, liberal construction does not mean the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990).

### III. Analysis

A.    The Magistrate Judge's Recommendation

In the Report and Recommendation, the Magistrate Judge recommended dismissal of Plaintiff's claims because he was not a federal employee.[2] (Id. (citing 42 U.S.C. § 2000e-16(a)

---

[2] In making this recommendation, the Magistrate Judge concluded that the issue before the court was access to the premises and not security clearance. (ECF No. 50 at 5–7.) As a result, the Magistrate Judge did not agree with Defendant that the Supreme Court's holding in Dep't of the Navy v. Egan deprived the court of its subject matter jurisdiction. 484 U.S. 518, 530 (1988) (holding that an agency's decision to deny or revoke a security clearance was not subject to review because Congress had not specifically provided otherwise). The Magistrate Judge also did not recommend dismissal of Plaintiff's Title VII claim based on the exception found in 42 U.S.C. § 2000e-2(g) and delineated in Toy v. Holder, 714 F.3d 881 (5th Cir. 2013), providing that it is not an unlawful employment practice if: "(1) the occupancy of such position, or access to the premises in or upon which any part of the duties of such position is performed or is to be performed, is subject to any requirement imposed in the interest of the national security of the United States under any security program in effect pursuant to or administered under any statute of the United States or any Executive order of the President; and (2) such individual has not fulfilled or has ceased to fulfill that requirement." Toy, 714 F.3d at 883–84 (quoting 42 U.S.C. § 2000e-2(g)).

("All personnel actions affecting employees or applicants for employment" with the federal government "shall be made free from any discrimination based on race, color, religion, sex, or national origin.")).) In making this recommendation, the Magistrate Judge focused on the following evidence submitted by Defendant through affidavits:

- SRNS is the Managing and Operator ("M&O") contractor at SRS, is a private company, and is not an affiliate of Defendant (ECF No. 46-2 at 2 ¶¶ 3–4);
- SRNS has been under contract ("M&O Contract") with Defendant to manage and operate SRS for Defendant since August 1, 2008 (Id. at ¶ 4);
- Under the M&O Contract, Defendant pays SRNS reasonable and allowable costs as well as a fee for the work SRNS performs (Id.);
- Defendant retains oversight responsibility of SRNS in its performance of the M&O Contract (Id.); and
- WSMS is a subcontractor with SRNS and has no privity of contract with Defendant (Id. at 5 ¶¶ 13–14).

The Magistrate Judge further noted that Plaintiff admitted that he was not an employee of Defendant and failed to dispute Defendant's characterization of the relationships between Defendant, SRNS, and WSMS. (ECF No. 50 at 9.) Based on the foregoing, the Magistrate Judge recommended that the court find that "Plaintiff does not fall within the protections afforded by 42 U.S.C. § 2000e-16(a)" and, therefore, his claim should be dismissed for lack of subject matter jurisdiction.[3] (Id.)

B.     Plaintiff's Objections to the Report and Recommendation

In his objections to the Report and Recommendation, Plaintiff first disagrees with the Magistrate Judge's statement that Defendant denied him access to SRS, but did not deny him security clearance.  (ECF No. 52 at 2.)  Plaintiff asserts that his security clearance was suspended in 2002 without a due process hearing and Defendant not only denied him access to the site but

---

[3] In making this recommendation, the Magistrate Judge also considered whether Plaintiff stated a claim for interference under Title VII.  (See ECF No. 50 at 9–10 (citing Bender v. Suburban Hosp., 159 F.3d 186 (4th Cir. 1998)).)  However, the Magistrate Judge declined to find that Plaintiff could state an interference claim against Defendant.

5

also instructed WSMS to deny Plaintiff access to his workplace, which was outside the site

boundary.  (Id.)  Plaintiff next objects to Defendant's citation to Dep't of the Navy v. Egan, 484

U.S. 518, 530 (1988), and its reference to "an individual's potential to compromise national

security" because he had an unblemished record and Defendant's denial of his access to the site

"was driven by speculation and prejudice in violation of Title VII."  (Id.)  Plaintiff further

differentiates his case from Egan and others cited by Defendant by pointing out that Defendant

retained oversight responsibility of SRNS and the individual who denied him access to his

workplace, Mr. Bartholomew, was Defendant's employee.  (Id. at 4.)  More specifically, Plaintiff

argues that Egan can be distinguished from his case because Egan did not have his "unblemished

record as a law-abiding citizen."  (Id.)  Moreover, unlike Egan, "Plaintiff did not need a security

clearance to enter WSMS [][to] perform his assignments, nor did he need security clearance to

enter the site."  (Id. at 4–5.)  Plaintiff further argues that Becerra v. Dalton, 94 F.3d 145 (4th Cir.

1996), Kaplan v. Conyers, 733 F.3d 1148, 1157 (Fed. Cir. 2013), and Toy v. Holder, 714 F.3d

881 (5th Cir. 2013), are all dissimilar to his case. (Id. at 6–7.) Finally, Plaintiff asserts that he

tried to pursue other opportunities, but Defendant's discriminatory actions damaged his

reputation. (Id. at 6.)

     In consideration of the foregoing, Plaintiff requests that the court deny Defendant's Motion

to Dismiss and "not let an obvious Civil Rights violation to be masked by the misuse of the

Court's subject matter jurisdiction." (Id. at 8.)

C.     The Court's Review

     To bring a successful Title VII claim against the United States, a Plaintiff must

demonstrate the existence of a required employment relationship. See 42 U.S.C.A. § 2000e-

16(a); 29 C.F.R. § 1614.103(c). Section 2000e-16(a) provides that "the threshold requirement for

imposing Title VII liability against the federal government is that Plaintiff be an employee, or applicant for employment, of the Defendant federal agency." See also King v. Dalton, 895 F. Supp. 831, 836 (E.D. Va. 1995). Further, "Title VII protects workers who are 'employees,' but does not protect independent contractors." Kahn v. American Heritage Life Ins. Co., 324 F. Supp. 2d 652, 655 (E.D. Pa. 2004) (citations omitted); see also Metro. Pilots Ass'n, L.L.C. v. Schlosberg, 151 F. Supp. 2d 511 (D.N.J. 2001). When Congress has not explicitly defined the term "employee," courts apply the common law agency test to determine whether an individual is either an employee or independent contractor. Schlosberg, 151 F. Supp. 2d at 519. Finally, a plaintiff's lack of a required employment relationship deprives him of standing to pursue a Title VII claim. See Jacob-Mua v. Venemen, 289 F.3d 517 (8th Cir. 2005) (holding that a non-employee volunteer lacks standing to bring a retaliation claim under Title VII).

Here, it is undisputed that Plaintiff is neither an employee of Defendant nor an applicant for employment with Defendant. In this regard, the court agrees with the Magistrate Judge that Plaintiff cannot properly be considered an "employee" of Defendant for the purposes of 42 U.S.C. § 2000e-16(a). Accordingly, because Plaintiff cannot meet Title VII's threshold requirement that he is either an employee or an applicant for employment with Defendant, it appears beyond doubt that he can prove no set of facts which would entitle him to relief. Accordingly, dismissal on this basis is proper.[4] King v. Dalton, 895 F. Supp. 831, 836 (E.D. Va. 1996) (threshold requirement for imposing Title VII liability against the federal government is that plaintiff be an "employee" or "applicant for employment" of the Defendant federal agency); Lewis v. Newman, 788 F. Supp. 1986, 1088–89 (N.D. Cal. 1991) (finding that because the MSPB was not the head of the agency employing plaintiff, MSPB was not the proper Defendant

---

[4] Based on this court's aforementioned ruling, the court is not required to address the parties' substantive arguments.

in plaintiff's discrimination suit).

## IV. Conclusion

For the reasons set forth above, the court hereby **GRANTS** Defendant Department of Energy at the Savannah River National Lab's Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1). (ECF No. 46.) Accordingly, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation and incorporates it by reference.

**IT IS SO ORDERED.**

J. Michelle Childs

United States District Judge

March 2, 2015
Columbia, South Carolina

8