# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | | |
|---|---|---|
| Davoud Allen Eghbali, | ) | Civil Action No. 1:12-cv-03460-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Department of Energy at the Savannah | ) | |
| River National Lab, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Davoud Allen Eghbali ("Plaintiff") filed this action pro se alleging that Defendant Department of Energy at the Savannah River National Lab ("Defendant") subjected him to discrimination because of his place of national origin – Iran – in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e17. (ECF No. 1.) Specifically, Plaintiff claims that he was denied access to the Savannah River Site, which he states resulted in the loss of his employment and employment opportunity. (Id.)

This matter is before the court by way of Plaintiff's Response to the Court's Order and Openion [sic!], which the court construes as a Motion for Reconsideration of the Order entered on March 2, 2015 (the "March Order") (ECF No. 61), pursuant to Fed. R. Civ. P. 59(e). (ECF No. 64.) In the March Order, the court granted Defendant's Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1).[1] (ECF No. 61 at 8.) In his Motion, Plaintiff requests reconsideration of the March Order because his case presents a unique situation "that require[s] detailed investigation." (ECF No. 64 at 1.) In response, Defendant asserts that Plaintiff is not entitled to reconsideration of the March Order because he "has failed to meet the threshold

---

[1] The March Order contains a thorough recitation of the relevant factual and procedural background of the matter and is incorporated herein by reference. (See ECF No. 61 at 1–3.)

requirement for a 59(e) motion." (ECF No. 65 at 6.) For the reasons stated below, the court **DENIES** Plaintiff's Motion for Reconsideration.

## I.     LEGAL STANDARD AND ANALYSIS

A.     Rule 59(e) Motions and the Parties' Arguments

Fed. R. Civ. P. 59 allows a party to seek an alteration or amendment of a previous order of the court. Fed. R. Civ. P. 59(e). Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." Robinson v. Wix Filtration Corp., 599 F.3d 403, 407 (4th Cir. 2010); see also Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 235 (4th Cir. 1994). It is the moving party's burden to establish one of these three grounds in order to obtain relief under Rule 59(e). Loren Data Corp. v. GXS, Inc., 501 Fed. Appx. 275, 285 (4th Cir. 2012). The decision whether to reconsider an order pursuant to Rule 59(e) is within the sound discretion of the district court. Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995).

Plaintiff moves the court for reconsideration of the March Order asserting that his case presents the following unique situations "that require detailed investigation:

> 1) Defendant denying Plaintiff access to the site as well as his workplace outside the site boundary, resulting in termination of Plaintiff's employment with WSMS, the Plaintiff's primary employer, and
>
> 2) Defendant denying Plaintiff access to the site for a job interview with SRNS, another site contractor, resulting in loss of a pending employment for which the Plaintiff was most qualified."

(ECF No. 64 at 1.) Plaintiff argues that the aforementioned uniqueness precludes dismissal of his case because the decisions cited by the court did not present the same situation as this case wherein "Defendant blocked Plaintiff's access to their workplace" and "directly or indirectly terminated an employee of a contractor." (Id. at 2 (referencing Jacob-Mua v. Venemen, 289 F.3d

2

517 (8th Cir. 2005); Metro. Pilots Ass'n, L.L.C. v. Schlosberg, 151 F. Supp. 2d 511 (D.N.J. 2001); King v. Dalton, 895 F. Supp. 831, 836 (E.D. Va. 1996)) & 5.)  Plaintiff further argues that although he "has never claimed to be the employee of the Defendant," dismissal of his case was unwarranted because "[i]n none of the cases the Defendant . . . presented [did] a company or an entity . . . order[] directly or indirectly a contractor to fire an employee for no obvious reason." (ECF No. 66 at 2.)  Based on the foregoing, Plaintiff asserts that his case states "a clear violation of Title VII."  (Id. at 3.)

In response to Plaintiff's Motion, Defendant contends that Plaintiff "has presented no change in the controlling law, he has come forward with no new evidence, and he has neither identified a clear error nor injustice in the dismissal of this action."  (ECF No. 65 at 6.)  In this regard, Defendant asserts that Plaintiff in his Motion for Reconsideration "simply reargues his position that he should be considered a federal employee for Title VII purposes."  (Id.)  As a result, Defendant asserts that "Plaintiff has failed to meet the threshold requirement for a 59(e) motion."  (Id.)

B.    The Court's Review

In his Motion for Reconsideration, Plaintiff relies on assertions about uniqueness of his claims that do not reference either an intervening change in controlling law or new evidence previously unavailable.  Therefore, the court construes Plaintiff's Motion as seeking reconsideration on the basis that it would be an error of law or manifest injustice if his case was dismissed before the parties conducted discovery.

In the March Order, the court observed that dismissal was proper "because Plaintiff cannot meet Title VII's threshold requirement that he is either an employee or an applicant for employment with Defendant, [and] it appears beyond doubt that he can prove no set of facts

3

which would entitle him to relief." (ECF No. 61 at 7.) In considering the merits of Plaintiff's Motion, the court notes that Plaintiff reiterates that he is not claiming to be an employee of Defendant (ECF No. 66 at 2), which admission is consistent with the holding in the March Order. (See ECF No. 61 at 7 ("In this regard, the court agrees with the Magistrate Judge that Plaintiff cannot properly be considered an "employee" of Defendant for the purposes of 42 U.S.C. § 2000e-16(a). Accordingly, because Plaintiff cannot meet Title VII's threshold requirement that he is either an employee or an applicant for employment with Defendant, it appears beyond doubt that he can prove no set of facts which would entitle him to relief.").) Therefore, notwithstanding Plaintiff's claims regarding the uniqueness of his case, the court cannot find that Plaintiff has sufficiently shown a clear error of law or manifest injustice to justify altering or amending the March Order. Accordingly, the court must deny Plaintiff's Motion for Reconsideration.

## II.     CONCLUSION

For the foregoing reasons, the court **DENIES** Plaintiff's Motion for Reconsideration of the Order entered on March 2, 2015. (ECF No. 64.)

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

May 14, 2015
Columbia, South Carolina

4